UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE COMMISSION,                ECF Case

             Plaintiff,                                  No. 16 Civ. 3722 (LLS)

     - against -

WILLIAM T. WALTERS and THOMAS C. DAVIS,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


# THE GOVERNMENT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR A COMPLETE STAY


                                         PREET BHARARA
                                         United States Attorney for the
                                         Southern District of New York
                                         Attorney for the United States
                                            of America

DANIEL S. GOLDMAN
BROOKE E. CUCINELLA
Assistant United States Attorneys

   *- Of Counsel -*

Long on rhetorical bombast yet short on substance, defendant William T. Walters opposes the Government's motion to stay this matter by essentially asking the Court to endorse his spurious request for a limited stay of discovery solely as to himself so that he can preserve his Fifth Amendment right without suffering from the consequences of an adverse inference that flows from such an invocation.   While acknowledging that the Criminal Case will proceed first, Walters' naked effort to subvert the Federal Rules of Criminal Procedure would immediately permit him to obtain asymmetrical, one-sided discovery in this matter and would prejudice the Criminal Case by allowing the defendant to manufacture or tailor evidence and testimony and subject potential witnesses to potential harassment or intimidation — considerations courts routinely recognize in granting similar motions by the Government to stay parallel proceedings. Accordingly, the Government respectfully submits that its motion to stay this matter should be granted in its entirety.

### A.  Walters Has No Intention of Participating in The Civil Discovery He Seeks

Walters' opposition brief is conspicuously silent *both* as to whether he will participate in discovery in this case *and* whether and to what extent he will continue to invoke his Fifth Amendment right as he did in response to the SEC's documents and deposition requests.   Nor does Walters directly confront whether he will accept the adverse inference that flows from invoking his constitutional rights, notwithstanding the SEC's submission directly addressing this issue.[1]  Instead, Walters asks the Court to endorse his proposal to assert his Fifth Amendment

---

[1]   Instead of addressing the merits of the SEC's submission — particularly its opposition to Walters' proposal to assert his Fifth Amendment rights while avoiding the adverse inference that flows therefrom — Walters evasively focuses on the timing of the SEC's letter, that the SEC "knew" that Walters "would have the option" of invoking his Fifth Amendment right, and that the SEC simply does not oppose the Government's motion rather than affirmatively joins the motion.  (Opp. Br. 2, 13.)   Remarkably, Walters goes so far as to urge the Court to *ignore* the

2

right — beginning, undoubtedly, with disclosures at the first step of discovery — while suffering no adverse inference.  *See, e.g.*, *SEC* v. *Archer*, 16 Civ. 3505 (WHP) (S.D.N.Y. Aug. 10, 2016), at *4 (citing cases referencing adverse inference that flows from the defendant's assertion of Fifth Amendment rights in civil proceeding).    Walters vaguely suggests, without further explanation or detail, that "there is significant ground" that can be achieved if discovery were to proceed.   (Opp. Br. 2.)    Yet proceeding in the fashion suggested by Walters would inevitably result in his immediate invocation of his Fifth Amendment right — and accompanying refusal to provide initial disclosures at the very threshold of the case.    Meanwhile, Walters would receive the SEC's disclosures, which, among other things, would include a putative list of witnesses for the criminal trial that is not otherwise required by the federal criminal laws.[2]    Courts have quite recently relied on this inequity in granting similar motions by the Government to stay parallel SEC proceedings.    See *SEC* v. *Shkreli et al.,* 15 Civ. 7175 (KAM) (E.D.N.Y. Mar. 22, 2016); *SEC* v. *Tuzman*, 15 Civ. 7057 (AJN) (S.D.N.Y. Mar. 1, 2016).    Moreover, if Walters were sincere in his "strong interest in a timely resolution" to this matter, he would not suggest that the

---

SEC's interests in ruling on this motion because the SEC has not moved for a stay itself.   (*See id.* at 13.)    That the SEC "knew" that Walters would likely invoke his Fifth Amendment right is of no moment here.    The SEC will suffer no prejudice if either (a) Walters does not invoke his Fifth Amendment right and proceeds with reciprocal discovery or (b) Walters accepts the adverse inference that flows from such an assertion.    But the SEC understandably opposes Walters' specious intention to assert his Fifth Amendment right while avoiding the adverse inference, because it would result in inequitable, asymmetrical, and one-sided discovery in advance of the trial in the Criminal Case, which will occur first.

[2]      To the extent Walters relies on *SEC* v. *Cuti*, 08 Civ. 8648 (JGK) (Berke Decl. Ex. F), to support this position, he is mistaken.   In *Cuti*, unlike here, the defendants provided document discovery and other disclosures without asserting their Fifth Amendment rights, so document discovery proceeded in a symmetrical and reciprocal manner.   (*Id.* at 57.)    Here, however, Walters has not, and will not, produce documents or other disclosures, so any document discovery would be asymmetrical.    Thus, *Cuti* is inapt.

Criminal Case proceed first.  (Opp. Br. 2).  In truth, however, Walters suffers no prejudice from a stay of this case; instead, he simply will not be able to use one-sided discovery obtained in this case to avoid the disclosure rules governing the upcoming criminal trial, which is scheduled for less than seven months from now.[3]

### B. If Asymmetrical Discovery is Ordered, the Government Has Legitimate Concerns About the Tailoring of Evidence

The Government may suffer significant prejudice from Walters' proposal to subvert the criminal rules.  The rules governing criminal cases were designed, in part, to prevent a defendant from manufacturing or tailoring evidence and testimony, harassing or intimidating witnesses, or unfairly surprising the Government at the criminal trial.  If Walters is permitted to use civil discovery to circumvent these rules, there is a significant potential for such harm to occur.  *See SEC* v. *Tuzman*, 15 Civ. 7057 (AJN) (S.D.N.Y. Mar. 1, 2016), at *3-4 (recognizing these considerations of potential prejudice to the Government as grounds for granting a stay).  To be sure, the Government has no crystal ball that can anticipate precisely *how* Walters might engage in such subterfuge.  Contrary to Walters' assertion in his brief, however, he has in fact attempted to tailor testimony and influence witnesses. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[3]  Walters half-heartedly asserts that he would suffer prejudice resulting from the cost of litigating two cases in succession.  Any concerns about litigation costs are misplaced, particularly where, as here, the outcome of the Criminal Case will streamline the issues in, or obviate altogether, the civil case.  *See* Conference Tr., *SEC* v. *Conradt*, 12 Civ. 8676, (JSR) (S.D.N.Y. Jan. 30, 2013) (Berke Decl. Ex. C), at 7-8 (recognizing that the outcome of the trial in the criminal case usually dictates the outcome in the civil case without much additional discovery).



Given Walters' demonstrated efforts to influence a key witness and tailor testimony in the past, the Government's concerns about prejudice flowing from asymmetrical, one-sided discovery in this case are far from "generic and speculative," (Opp. Br. 11), but instead are real and specific to this defendant and this case.

---

[4]    Due to the restrictions provided by the protective order entered in the Criminal Case governing the wiretap materials, *see United States* v. *Walters*, 16 Cr. 338 (PKC) (June 2, 2016), (Dkt. No. 22), the Government has redacted portions of this brief.   The Government will submit an unredacted version of this brief, and the exhibits attached hereto, to the Court and defense counsel under separate cover.

### C. The Case Law Overwhelmingly Favors a Stay

Instead of substantively addressing the recent tide of cases in this Circuit where district courts have granted the Government's requested relief in similar motions, Walters focuses on cases from a number of years ago where document discovery was permitted to proceed. (Opp. Br. 5-7). However, in three cases decided within the past six months, judges in this District and the Eastern District of New York have analyzed the six considerations set forth in *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012), and, prior to the initiation of discovery, uniformly ruled in favor of the Government over defendants' objections to the relief sought. *See Archer*, 16 Civ. 3505; *Shkreli*, 15 Civ. 7175; *Tuzman*, 15 Civ. 7057.

In *Archer*, which Walters does not address in his opposition brief, Judge Pauley granted the Government's request for a stay of all materials that the court categorized as Jencks Act materials over the objection of several defendants.[5] Similar to Walters, Archer argued that his reputation was tarnished by the dual charges against him and that he allegedly sought to clear his name. (*Id.* at *3.) In evaluating the six factors set forth in *Louis Vuitton*, Judge Pauley acknowledged that the first two — the "status of the case" and the "degree of overlap" — favored a stay.[6] (*Id.* at *3.) Judge Pauley further noted that criminal discovery in the parallel

---

[5] In *Archer*, the Government requested — and the Court ordered — a stay of the following discovery: (a) depositions, interrogatories, requests for admission, and any other form of discovery that would create statements of any person whom the Government asserts may be called as a witness in the criminal prosecution; (b) production of transcripts of testimony and notes of or memoranda describing interviews with; written statements made or adopted in the course of an interview by; or correspondence concerning interviews of any person whom the Government asserts may be called as a witness in the criminal action; and (c) disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i). *Archer*, 16 Civ. 3505, at *2. If the Court is unpersuaded that a full stay is appropriate here, the Government respectfully requests that the Court enter a partial stay similar to the one ordered by Judge Pauley in *Archer*.

[6] Walters objects to the consideration of these two factors because they are common to

case included significant document discovery related to the same matter.[7]   (*Id.* at 4.)   Judge Pauley also recognized that the public has an interest in preserving the integrity and security of witnesses.   (*Id.* at *4.)   To that end, the court referenced threatening text messages sent by Archer's co-defendant to a witness in a different case, (*id.* at *4), which is a connection far more remote than Walters' own effort to influence a critical witness against him in the Criminal Case. Finally, in granting the Government's motion, Judge Pauley was motivated by the fact that, as here, the civil case would not be resolved before the criminal case.   The court therefore found that a stay was appropriate to avoid the only two options available to the defendant: either waive his Fifth Amendment right against self-incrimination or suffer an adverse inference from invoking that right.   (*Id.* at 4-5.)   Indeed, Judge Pauley did not appear to contemplate the possibility that Archer or another defendant could preserve his Fifth Amendment right while avoiding the adverse inference that flows therefrom, and for good reason: such an outcome is not supported by any authority and should not be considered an option for a defendant such as Walters.

Walters attempts to cast the thorough and well-reasoned opinion in *Shkreli* as an "outlier" that "provides no guidance on the specific circumstances here."   (Opp. Br. 8.)   Walters is grasping at straws.   *Shkreli*, in fact, is on all fours with this case: the defendants opposed the

---

most stay requests by the Government of parallel SEC proceedings.   Even leaving aside the obvious point that there is not always symmetry of causes and defendants between the civil and criminal action — as there is here — courts routinely consider these two factors in evaluating motions similar to this one.   *See, e.g.*, *Archer*, 16 Civ. 3505; *Shkreli*, 15 Civ. 7175; *Tuzman*, 15 Civ. 7057.   Indeed, they are of equivalent importance regardless of who the movant is or what position the defendant takes.

[7]   Similarly, Walters has received at least 35 gigabytes of documents in the Criminal Case, much of which was obtained from the SEC, further reducing any possible prejudice that he could suffer from a stay here.

Government's motion for a complete stay (prior to the initiation of discovery), notwithstanding their acknowledged invocation of their Fifth Amendment rights; the SEC opposed the asymmetrical, one-sided discovery proposed by one defendant; and the Court, after evaluating the *Louis Vuitton* considerations, granted the Government's motion to stay the case even though there was no trial date set in the parallel criminal case. The Government respectfully submits that Judge Matsumoto's comprehensive opinion should serve as persuasive authority to the Court in evaluating a near-identical set of circumstances here.

Finally, Walters attempts to distinguish Judge Nathan's opinion in *Tuzman* granting the Government's motion for a partial stay by exclusively focusing on the witness intimidation issue referenced in that opinion. (Opp. Br. 12.) While in this case there are no allegations of threats of violence to potential witnesses as there were in *Tuzman*, the same concerns about influencing witnesses or tailoring testimony that motivated Judge Nathan also exist here. Moreover, Judge Nathan's detailed analysis of the *Louis Vuitton* factors demonstrates that, as in this case, the Government's arguments related to asymmetrical, one-sided discovery and potential prejudice beyond witness intimidation are also persuasive. In short, the trend of recent authority — particularly where, as here, the SEC opposes the defendant's proposed process — supports the Government's request for a complete stay in this case.

In sum, by acknowledging that the Criminal Case will proceed first, Walters has abandoned any argument that he will suffer prejudice from a stay in this matter. Nonetheless, Walters opposes a stay, even though he does not dispute that his invocation of his Fifth Amendment right would occur as soon as discovery in this matter were to commence, which would allow for asymmetrical, one-sided discovery related to potential witnesses at the trial in the Criminal Case. Both the public and the Government have an interest in preventing such an

8

obvious end-run around the Federal Rules of Criminal Procedure. Whereas the defendant will suffer no prejudice, the Government may suffer prejudice in several ways recognized by courts in this Circuit, including, but not limited to, the substantial possibility that Walters will once again attempt to influence or intimidate witnesses or tailor evidence. Moreover, to the extent that Walters does not accept the adverse inference that flows from his invocation of his Fifth Amendment right, the SEC supports this motion, as it would be prejudiced, too, by unequal, one-sided discovery. Because Walters acknowledges that the Criminal Case will proceed first — and will therefore likely resolve numerous issues in this case — the Court should permit the criminal rules to control the trial in the Criminal Case and reject Walters' efforts to obtain civil discovery for the sole purpose of subverting the criminal process.

For these reasons, and those outlined in the Government's initial brief in support of this motion dated August 10, 2016, the Government respectfully requests that its application for a complete stay of discovery in this matter be granted in its entirety.

Dated: New York, New York
       August 25, 2016

> Respectfully submitted,
>
> PREET BHARARA
> United States Attorney
>
> By:  /s/ Daniel S. Goldman
>      DANIEL S. GOLDMAN
>      BROOKE E. CUCINELLA
>      Assistant United States Attorneys
>      One Saint Andrew's Plaza
>      New York, New York 10007
>      Telephone: (212) 637-2289/2477