**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

To The Clerk of The Court:
Please docket and place
this document in the public file.

LLS ―――― 8/26/16
Louis L. Stanton
U.S.D.J.

BARRY H. BERKE
PARTNER
PHONE 212-715-7560
FAX 212-715-7660
BBERKE@KRAMERLEVIN.COM

August 26, 2016

Via Hand Delivery

The Honorable Louis L. Stanton
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 21C
New York, NY 10007-1312

RECEIVED IN CHAMBERS
OF LOUIS L. STANTON
AUG 2 6 2016

Re:   *SEC v. William T. Walters*, Case No. 16 Civ. 3722

Dear Judge Stanton:

      On behalf of William T. Walters, we write to object to the United States Attorney's Office for the Southern District of New York ("USAO") filing redacted versions of its Reply Memorandum in Support of its Motion for a Complete Stay and corresponding unofficial transcripts.

      The USAO's proposed redactions are unfairly prejudicial to Mr. Walters. The publicly filed version contains a full page of redactions that follow the serious accusation: "Contrary to Walters' assertion in his brief, however, he has in fact attempted to tailor testimony and influence witnesses." (Reply at 4-5). The redactions leave an extremely misleading impression since the actual transcripts of the calls (as well as the recordings) make clear that the USAO's far-fetched argument about them is entirely baseless—which may explain why the USAO did not even attempt to make the argument in its moving brief. The transcripts clearly show Mr. Walters doing exactly what he should be doing in these circumstances—telling Mr. Davis that they should not discuss the allegations themselves and asking whether Mr. Walters's lawyer can call Mr. Davis's lawyer. *See Transcript* (June 12, 2014) (USAO Reply Ex. 2, p. 2) ("just as long as lawyers talk, you know we, you and I can't discuss it, but, uh, it's okay if our attorneys will do that"). Far from seeking to "tailor" or "influence" testimony, Mr. Walters explicitly tells Mr. Davis that they should *not* discuss the specific allegations, their potential testimony or anything else. By publicly filing its distorted explication of these conversations in its redacted brief, the USAO's tortured interpretation will likely be reported by the press despite the fact it finds no support in the actual transcripts and calls.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/16

KRAMER LEVIN NAFTALIS & FRANKEL LLP

The Honorable Louis L. Stanton
August 26, 2016
Page 2

Moreover, the USAO did not seek our consent to file its brief in redacted form or obtain permission from the Court before doing so. The USAO cites the "restrictions provided by the protective order entered in the Criminal Case governing the wiretap materials," (Reply at 5 n.4), but that order prohibits *Mr. Walters* from publicly filing materials that the USAO has designated "Highly Confidential" (like wiretap materials): "The defendant and his counsel will not attach any materials designated Highly Confidential pursuant to this Order to any public filings with the Court or publicly disclose any such materials, or their contents in any other manner, without prior notice to the Government." Protective Order ¶ 5, *United States v. Walters*, 16-cr-338 (PKC) (S.D.N.Y. June 2, 2016), ECF 22. Nor is there a protective order in this case that would allow the USAO to file redacted materials prior to obtaining permission from the Court.

The USAO has no legitimate basis to file redacted versions of its brief and the related transcripts. The fact that the USAO did not seek Mr. Walters's consent to do so makes clear that the redactions were not done to protect Mr. Walters's interests. The USAO has not demonstrated that a compelling interest requires redacting these materials, and in fact, its doing so would allow it to make a misleading argument that is extremely prejudicial to Mr. Walters and unsupported by the underlying transcripts and calls.

For these reasons, we respectfully request that the Court direct the USAO to publicly file the unredacted brief and exhibits.

Thank you for your consideration.

Respectfully submitted,

Barry H. Berke /MBD
Barry H. Berke
Paul H. Schoeman

cc: Daniel S. Goldman (via email)
Brooke E. Cucinella (via email)