ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,  :
                                                      :

                     Plaintiff,  :      16 Civ. 3722 (LLS)

                                                       :

  -against-  :

                                                       :

WILLIAM T. WALTERS and THOMAS C. DAVIS,  :

                                                       :

                    Defendants,  :

                                                        :

  -and-  :

                                                        :

THE WALTERS GROUP, NATURE  :
DEVELOPMENT B.V., and PHILIP A. MICKELSON, :

                                                       :

                 Relief Defendants.  :

                                                        :

-------------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/17/18
```

## [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT WILLIAM T. WALTERS   LLS

The Securities and Exchange Commission having filed a Complaint and Defendant William

T. Walters ("Defendant") having entered a general appearance; consented to the Court's jurisdiction

over Defendant and the subject matter of this action; consented to entry of this Final Judgment;

waived findings of fact and conclusions of law; and waived any right to appeal from this Final

Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange, in connection with

the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact
        necessary in order to make the statements made, in the light of the circumstances
        under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate
        as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in
Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who
receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers,
agents, servants, employees, and attorneys; and (b) other persons in active concert or participation
with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
is liable for disgorgement of $19,004,429.26, together with prejudgment interest of $3,552,429.20,
for a total of $22,556,858.46, which shall be deemed satisfied by the entry of the Order of Forfeiture
requiring payment of $25,352,490.00 and the Order of Restitution requiring payment of
$8,890,969.33 in *United States v. William T. Walters*, Case No. 16-Cr-338 (SDNY) (the "Criminal
Proceeding"), provided that such Orders (a) are upheld on appeal by the Second Circuit Court of
Appeals or one or both such Orders are modified on or after appeal to require Defendant to pay at
least $22,556,858.46 in forfeiture, restitution, or both, *and* (b) any resulting order or orders to pay at
least $22,556,858.46 in forfeiture, restitution, or both remain valid and enforceable following the
appeal until paid in full.  Should any event modify the order of forfeiture and/or the order of
restitution in the Criminal Proceeding such that the orders ultimately require the Defendant to pay a
combined amount that is less than $22,556,858.46 or otherwise render either or both such orders

2

unenforceable, Defendant shall be entitled, as of the date of such event ("Event Date"), to a credit towards the Final Judgment's disgorgement and prejudgment interest payment obligation ordered to be paid herein for the amount paid, if any, in the Criminal Proceeding. Any balance remaining after application of the credit discussed in the preceding sentence may be enforced by the Commission by moving for civil contempt (and/or through other collection procedures authorized by law). Defendant shall pay post judgment interest, running from the Event Date, on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Any payments due to the Commission arising from this Judgment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; William T. Walters as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making any payment required herein, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

3

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: April **17**, 2018

Louis L. Stanton
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,          :
                                             :
                              Plaintiff,     :         16 Civ. 3722  (LLS)
                                             :
      -against-                              :
                                             :
WILLIAM T. WALTERS and THOMAS C. DAVIS,      :
                                             :
                                             :
                              Defendants,    :
                                             :
      -and-                                  :
                                             :
THE WALTERS GROUP, NATURE                    :
DEVELOPMENT B.V., and PHILIP A. MICKELSON,:
                                             :
                              Relief Defendants.   :
                                             :
------------------------------------------------------------------------x

## CONSENT OF DEFENDANT WILLIAM T. WALTERS

1.     Defendant William T. Walters ("Defendant") acknowledges having been served with
the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over
Defendant and over the subject matter of this action.

2.     Defendant has been convicted after trial of criminal conduct relating to certain
matters alleged in the complaint in this action. Specifically, in *United States v. William T. Walters*, 16
Cr. 338 (SDNY) (the "Criminal Proceeding"), Defendant was convicted of violations of Sections
10(b) and 32 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and
78ff], Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; 18 U.S.C. §§ 371 and 2 (Securities
Fraud and Conspiracy to Commit Securities Fraud); and 18 U.S.C. §§ 1343, 1349 and 2 (Wire Fraud
and Conspiracy to Commit Wire Fraud). This Consent shall remain in full force and effect
regardless of the existence or outcome of any further proceedings in the Criminal Proceeding.

Case 1:16-cv-03722-LLS   Document 84   Filed 04/17/18   Page 6 of 10

3.     Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

> (a)     permanently restrains and enjoins Defendant from violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; and
>
> (b)     orders Defendant to pay disgorgement of $19,004,429.26, together with prejudgment interest of $3,552,429.20, for a total of $22,556,858.46, which shall be deemed satisfied by the entry of the Order of Forfeiture requiring payment of $25,352,490.00 and the Order of Restitution requiring payment of $8,890,969.33 in the Criminal Proceeding, provided that such Orders (i) are upheld on appeal by the Second Circuit Court of Appeals or one or both such Orders are modified on or after appeal to require Defendant to pay at least $22,556,858.46 in forfeiture, restitution, or both, *and* (ii) any resulting order or orders to pay at least $22,556,858.46 in forfeiture, restitution, or both remain valid and enforceable following the appeal until paid in full. Should any event modify the order of forfeiture and/or the order of restitution in the Criminal Proceeding such that the orders ultimately require the Defendant to pay a combined amount that is less than $22,556,858.46 or otherwise render either or both such orders unenforceable, Defendant shall be entitled, as of the date of such event ("Event Date"), to a credit towards the Final Judgment's disgorgement and prejudgment interest payment obligation ordered to be paid herein for the amount paid, if any, in the Criminal Proceeding. Any balance remaining after application of the credit discussed in the preceding sentence may be enforced by the Commission by

2

moving for civil contempt (and/or through other collection procedures
authorized by law). Defendant shall pay post judgment interest, running
from the Event Date, on any delinquent amounts pursuant to 28 U.S.C. §
1961.

5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to
Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the
Final Judgment.

7.      Defendant enters into this Consent voluntarily and represents that no threats, offers,
promises, or inducements of any kind have been made by the Commission or any member, officer,
employee, agent, or representative of the Commission to induce Defendant to enter into this
Consent.

8       Defendant agrees that this Consent shall be incorporated into the Final Judgment
with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if
any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby
waives any objection based thereon.

10.     Defendant waives service of the Final Judgment and agrees that entry of the Final
Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of
its terms and conditions. Defendant further agrees to provide counsel for the Commission, within
thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or
declaration stating that Defendant has received and read a copy of the Final Judgment.

11.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted
against Defendant in this civil proceeding. Defendant acknowledges that no promise or

3

representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings" and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint or that this Consent contains no admission of these allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of

4

this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19 ). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

5

State of Florida
County of Escambia

Dated: 3/1/ 2018

_____
William T. Walters

On Mar 1 st, 2018, William T. Walters, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.



KARI L. MULCAHEY
Notary Public - State of Florida
My Comm. Expires Sep 22, 2018
Commission # FF 130905
Bonded Through National Notary Assn.

Notary Public /Kari L. Mulcahey
Commission expires: Sept 22, 2018

Approved as to form:

Paul H. Schoeman
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9264
pschoeman@kramerlevin.com

Attorneys for Defendant William T. Walters

6